PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant or Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 128]

Name of Offender: <u>Steven Dewayne Johnson</u>　　　Case Number: <u>1:07-00003</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>February 27, 2012</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) Possession With Intent to Distribute and Distribution of Methamphetamine (2 counts)</u>

Original Sentence: <u>72 months' imprisonment and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>May 15, 2012</u>

Assistant U.S. Attorney: <u>Philip H. Wehby</u>　　　Defense Attorney: <u>William Harris</u>

## PETITIONING THE COURT

☐ To issue a Summons
☐ To issue a Warrant
■ To Consider Additional Violations/Information

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant
　　☐ Sealed Pending Warrant Execution
　　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ The Consideration of Additional Alledged Violations/Information
☐ Other

Considered this _21st_ day of _August_, 2013, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place　Nashville, TN

Date　August 20, 2013

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 128, has been amended as follows:

    Violation No. 1 - has been amended to include an additional positive drug test

    Violation No. 2 - has been added

    Sentencing Recommendations page has been amended to reflect the correct custodial provision and supervised release provision

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **Shall refrain from the use of a controlled substance:** |

Mr. Johnson tested positive for illegal drugs on six occasions.

| | | |
|---|---|---|
| December 17, 2012 | January 3, 2013 | February 13, 2013 |
| December 28, 2012 | January 29, 2013 | August 8, 2013 |

He tested positive for methamphetamine on December 17, December 28, 2012, and January 3, 2013. On January 29, 2013, he tested positive for methamphetamine and marijuana. Mr. Johnson has admitted to using methamphetamine prior to the drug screens when he tested positive. However, he denies directly using marijuana, but reports being around marijuana smoke following the drug test on January 29, 2013. On February 13, 2013, he tested positive for codeine. On March 14, 2013, Mr. Johnson's wife informed that he had taken his mother's Tylenol 3, prior to the drug test on February 13, 2013. On August 8, 2013, he tested positive for marijuana and denied recent use.

2.     **The defendant shall participate in a substance abuse treatment program approved by the United States Probation Office.**

Mr. Johnson failed to report for random drug testing on two occasions, February 21, and July 8, 2013. Following the missed drug test on July 8, 2013, he was contacted by the probation officer and instructed to report for drug testing on July 9, 2013. He also failed to report for drug testing on July 9, 2013.

## Compliance with Supervision Conditions and Prior Interventions:

Steven Johnson began supervised release on May 15, 2012. He is scheduled to terminate on May 14, 2015. He resides with his wife in Cypress Inn, Tennessee and is unemployed but working with an attorney to get his Social Security Disability payments restarted.

Mr. Johnson tested positive for methamphetamine on December 17, December 28, 2012, and January 3, 2013. On January 29, 2013, he tested positive for methamphetamine and marijuana. Mr. Johnson has admitted to using methamphetamine prior to these drug screens. However, he denies directly using marijuana, but reports being around marijuana smoke. Mr. Johnson says that he used methamphetamine with some neighbors in an attempt to deal with stress. The probation officer asked Mr. Johnson if he would be interested in inpatient treatment for his drug use. He reported that he does not want to leave his home and stated that he will not use anymore methamphetamine and will stay away from his neighbors that were providing the methamphetamine.

The defendant has been participating in substance abuse testing and treatment at Centerstone in Wayne County since May 30, 2012. Mr. Johnson's counseling sessions and drug screen frequency were increased due to his admission of drug use in December 2012, and January 2013.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional information be considered at the revocation hearing scheduled before Your Honor on August 26, 2013. The U.S. Attorney's Office has been advised of this recommendation.

Approved: /s/ Burton Putman
Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. STEVEN DEWAYNE JOHNSON, CASE NO. 1:07-00003

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 6-12 months *U.S.S.G.§ 7B1.4(a)* | No recommendation |
| **SUPERVISED RELEASE:** | 3 years minus any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G.§ 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** Pursuant to 18 U.S.C. § 3583(g), the court shall revoke the term of supervised release if the defendant possessed a controlled substance or if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade C violation, the Court may revoke supervised release or modify the conditions of supervision under § 7B1.3(a)(2). Where the minimum term of imprisonment determined under § 7B1.4, is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term. § 7B1.3(c)(1).

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved: _____
Burton Putman
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Steven Dewayne Johnson

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 1:07CR00003 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 2 / 27 / 2012
   month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. List each violation and determine the applicable grade (see §7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | failure to report for drug testing | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  →  C

9. **Criminal History Category** *(see §7B1.4(a))*  →  IV

10. **Range of Imprisonment** *(see §7B1.4(a))*  →  6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Steven Dewayne Johnson

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($)      _____   Home Detention         _____

    Other        _____   Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002